IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS WILLIAMSON,<br><br>        Plaintiff,<br><br>vs.<br><br>ROADRUNNER TRANSPORTATION SERVICES, INC.,<br>**Serve at:**<br>**Peter Armbruster, Secretary**<br>**Roadrunner Transportation Services, Inc.**<br>**4900 S. Pennsylvania Avenue**<br>**Cudahy, WI 53110**<br><br>        Defendant. | )<br>)<br>)<br>)<br>) Cause No. 4:16-cv-1805<br>)<br>) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

COMES NOW Plaintiff Thomas Williamson, by and through undersigned counsel, and for his Complaint states as follows:

1. Plaintiff, Thomas Williamson, is an individual residing in St. Louis County, Missouri.

2. Defendant, Roadrunner Transportation Services, Inc. (the "Company"), is a corporation organized under the laws of the State of Delaware.

3. On or about January 27, 2006, the Missouri Secretary of State issued a Certificate of Authority to Defendant authorizing it to transact business in the State of Missouri.

4. As of the date of filing of this Petition, Defendant's Certificate of Authority authorizing it transact business in the State of Missouri has been administratively dissolved for failure to file a registration report.

1

5. Jurisdiction is proper in this Court under 28 U.S.C. §1332 in that the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs and is between citizens of different states, and 28 U.S.C. §1331 for the claims brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201, *et seq*.

6. The Court has supplemental jurisdiction under 28 U.S.C. §1367 for all claims asserted under the Missouri Wage Laws in that the claims under this law is part of the same case and controversy as the FLSA claims, the state and federal claims derive from a common nucleus of operative fact, the state claim would not substantially dominate over the FLSA claims, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness, and comity.

7. Venue is proper in this Court in that Defendant has an office, conducts business and can be found in this district, and the cause of action set forth herein has arisen and occurred in this district in that Defendant employed Plaintiff in this district.

8. At all relevant times herein, Defendant has been, and continues to be, an "employer" engaged in interstate commerce within the meaning of FLSA 29 U.S.C. §203.

9. At all relevant times herein, Defendant has been, and continues to be, an "employer" within the meaning of Missouri wage laws, RSMo. § 290.500(4).

10. Defendant is a corporation which provides transportation, logistics and supply chain solution services to customers across the United States and Canada.

11. At all times relevant, until sometime in October of 2016, Plaintiff was employed by Defendant in its St. Louis office located at 8000 Hall St., Building 4, Suite B, St. Louis, MO 63147.

12. Plaintiff was employed by Defendant as a Dispatcher, where his primary duties, included the following:

    A. The coordination of the pick-up and delivery of freight, including communications with customers and drivers; and

    B. Inputting data into the company's automated computer system to route the drivers delivering the freight; and

    C. Tracking all the drivers as they commence delivering freight to customers; and

    D. General communication with the drivers and customers throughout the day to ensure the freight was delivered on schedule; and

    E. Answering the company telephones and assisting with customer service.

### COUNT I - UNPAID OVERTIME UNDER FLSA

13. Plaintiff hereby incorporates by reference Paragraphs 1 through 12 as if fully set forth herein.

14. Defendant paid Plaintiff $52,522.54 per year, which was equivalent to $25.25 per hour based on a 40 hour work week.

15. Plaintiff was classified as a salaried employee.

16. Plaintiff was required to work Monday through Friday from 8 a.m. to 6 p.m. each work week.

17. Plaintiff routinely arrived fifteen to thirty minutes prior to 8 a.m. every day to begin working and did not take breaks during his shifts.

18. Plaintiff, at times during his employment, was required to work weekends and from home or was occasionally required to be "on call" at all times.

19. Defendant failed to pay Plaintiff any additional amounts for hours worked in excess of forty hours per week.

20. Defendant failed to pay Plaintiff wages at one and one-half times his regular rate, or $37.88 per hour.

21. At all relevant times, Plaintiff was not exempt from receiving overtime compensation because he was not an "executive," "administrative," "professional," "computer," "outside sales," or "highly compensated" employee, as those terms are defined under the Fair Labor and Standards Act 29 U.S.C. § 216(b). *See* C.F.R. §§ 541.0, *et seq*.

22. Defendant knew, or should have known, that Plaintiff was a non-exempt employee and knowingly and willfully violated the FLSA by failing to pay Plaintiff overtime compensation.

WHEREFORE, Plaintiff prays this Court enters judgment against Defendant for an amount to be determined at trial, but to include all unpaid overtime compensation, liquidated damages in amount equal to the unpaid overtime compensation pursuant to 29 U.S.C § 216(b), costs and attorney's fees, and for such other and further relief as the Court deems just and proper.

**COUNT II – UNPAID OVERTIME UNDER MISSOURI MINIMUM WAGE LAW**

Plaintiff, in the alternative to his claims in Count I, hereby states as follows:

23. Plaintiff hereby incorporates by reference Paragraphs 1 through 22 as fully set forth herein.

24. This count is brought for unpaid overtime pursuant to the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.500 *et seq*.

25. At all relevant times, Petitioner has been entitled to the rights, protections and benefits provided under the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.500 *et seq*.

26. Petitioner is an "employee" of Respondent as defined by Mo. Rev. Stat. § 290.500(3).

27. Respondent is an "employer" as defined by Mo. Rev. Stat. § 290.500(4).

WHEREFORE, Plaintiff prays this Court enters judgment against Defendant for an amount to be determined at trial, but to include all unpaid overtime compensation, liquidated damages in amount equal to the unpaid overtime compensation pursuant to Mo.Rev.Stat. § 290.527, costs and attorney's fees, and for such other and further relief as the Court deems just and proper.

BERGER, COHEN & BRANDT, L.C.

_/s/ Steven M. Cohen_
Steven M. Cohen, Fed #33794MO
John C. Grellner, Fed. #50638MO
8000 Maryland Ave., Suite 1550
Clayton, Missouri  63105
(314) 721-7272
(314) 721-1668;  Facsimile
scohen@bcbslaw.com
zshklar@bcbslaw.com
Attorneys for Plaintiff

F:\Word Doc\W\Williamson, Tom\Petition V2.Docx